### PITTSBURGH LAUNCH CLUB v. ALMONO CANOE CLUB.

#### (District Court, W. D. Pennsylvania.   June 16, 1910.)

#### No. 3.

WHARVES (§ 18*)—WHARFAGE—VESSELS SUBJECT TO.

A floating club houseboat, 40 or 50 feet long, about 14 feet wide, with decks forward and aft, and a cabin containing a kitchen and living room, is not subject to Act Pa. 1858 (P. L. 363), giving a lien for wharfage and anchorage against vessels navigating particular rivers.

[Ed. Note.—For other cases, see Wharves, Dec. Dig. § 18.*]

In Admiralty.  Libel by the Pittsburgh Launch Club against the Almono Canoe Club for wharfage.  Libel dismissed.

Ralph Strawbridge, for libelant.
L. C. Barton, for respondent.

ORR, District Judge.  This is a claim for wharfage.  If libelant has a lien, it must rest upon that Pennsylvania act of 1858 (P. L. 363) which provides:

"That all ships, steamboats or vessels navigating the rivers Allegheny, Monongahela or Ohio, in this state, shall be liable and subject to a lien in the following cases:  *  *  *  IV. For all sums due for wharfage or anchorage of any such ship, steam or other boat, boats or vessels of whatsoever kind, character or description, as hereinbefore specified."

The vessel is a floating houseboat from 40 to 50 feet long and about 14 feet wide, with decks forward and aft and a cabin erected thereon containing two rooms—a kitchen, equipped with range and cooking facilities, and a living room, used for the purposes of the club and the keeping of canoes by the members of the club.

We are bound by the construction of that Pennsylvania act as determined by the United States Circuit Court of Appeals for the Third Circuit in Fredericks v. Rees, 135 Fed. 730, 68 C. C. A. 368, where it was said:

"The statute applies only to vessels engaged in the business or employment of trade or commerce on the rivers named therein."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is clear that the vessel of the Almono Canoe Club is not engaged in the business or employment of trade or commerce. That it may be navigated is not sufficient under the decision above referred to.

The libel must be dismissed, at the cost of the libelant.